UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON LOGISTICS, INC.,<br><br>        Defendant. | Case No. 23-cv-05238-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

Before the Court is Defendant Amazon Logistics, Inc.'s ("Amazon") motion to dismiss certain claims in Plaintiff's amended complaint. Dkt. No. 18. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

**I.  BACKGROUND**

Plaintiff David Jackson alleges that in September 2022, while he was walking his dog, an Amazon delivery driver "gunned his engine" and "looking right at Mr. Jackson, called him the n-word." First Amended Complaint ("FAC") ¶¶ 12–16. Plaintiff alleges that after this initial exchange, the Amazon driver gunned his engine again and accelerated his truck toward Plaintiff. *See id*. According to Plaintiff, if he did not jump out of the way, he would have been hit by the truck. *See id*. at ¶ 17. Plaintiff alleges that several witnesses saw and heard what happened. *See id*. at ¶ 18. Plaintiff states that he took pictures of the Amazon driver, the Amazon delivery truck, and the delivery truck's license plate.

Following the altercation, Plaintiff called the Amazon customer service center and reported the incident. *See id*. at ¶ 27. Weeks later, Plaintiff saw the same Amazon employee in his neighborhood driving a different Amazon delivery vehicle. *See id*. Plaintiff reported this to the

1  customer service center as well.  Plaintiff then received an email from customer service in which
2  an Amazon representative apologized for the incident and informed Plaintiff that the matter had
3  been escalated to the appropriate Amazon leadership team for an investigation.  *See id*. at ¶ 30.
4  That same day, Plaintiff received a second email from an Amazon customer service representative.
5  The representative apologized for the incident and informed Plaintiff that Amazon could not
6  guarantee the driver in question would not be in Plaintiff's neighborhood again because driver
7  delivery routes were randomly assigned.  *See id*. at ¶ 31.  After this email, Plaintiff alleges that he
8  did not receive any further communication from Amazon regarding the incident.  *See id*. at ¶ 32.

     Plaintiff filed this suit in September 2023 in Alameda County Superior Court against Amazon, Inc., and the Amazon delivery driver.  Dkt. No. 1.  Amazon removed the case to this Court in October 2023.  *Id*.  Plaintiff filed the FAC against the same Defendants, raising two California state law based claims of discrimination, the first under the Ralph Act and the second under the Unruh Act, which bars discrimination by a business establishment (Counts 1 and 2, respectively).  Plaintiff also brings California common law claims of assault and negligence (Counts 3 and 4, respectively).  FAC ¶¶ 38–70.  And in addition to other forms of relief, the FAC seeks punitive damages.  *Id*. ¶ 70.

## II. LEGAL STANDARD

     Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1   In reviewing the plausibility of a complaint, courts "accept factual allegations in the
2   complaint as true and construe the pleadings in the light most favorable to the nonmoving
3   party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).
4   Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted
5   deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049,
6   1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.
7   2001)).

**III.   DISCUSSION**

**A.   Punitive Damages**

Plaintiff seeks punitive damages in connection with his claims for Ralph Act discrimination and common law assault and negligence. Amazon moves to dismiss these claims to the extent they seek punitive damages. Mot. at 5. Citing Cal. Civ. Code § 3294(a), Amazon argues that Plaintiff's request for punitive damages should be dismissed because Plaintiff fails to allege any facts that would support a finding that Amazon acted with "oppression, fraud, or malice," as required by the statute. Amazon also cites Cal. Civ. Code § 3294(b) which states that an employer shall not be liable for damages "based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." *Id*. In response, Plaintiff argues he is entitled to punitive damages because Amazon "ratified and/or approved of the delivery driver's hateful and violent conduct by failing to investigate the incident or discharge the driver from employment." Opp. at 5.

For an employer to be held liable for punitive damages under a ratification theory, a plaintiff must plead facts showing that the employer "demonstrate[d] an intent to adopt or approve oppressive, fraudulent, or malicious behavior by an employee in the performance of his job duties." *Coll. Hosp., Inc. v. Super. Ct.*, 8 Cal. 4th 704, 726 (1994). Where, as here, the defendant is a corporation, the "authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." *Achal v. Gate Gourmet,*

3

*Inc.*, 114 F.Supp.3d 781, 815 (N.D. Cal. 2015); *In re Yahoo! Inc. Customer Data Security Breach Litig.*, 313 F. Supp. 3d 1113, 1147 (N.D. Cal. 2018) ( "[A] corporate entity cannot commit willful and malicious conduct; instead, 'the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.'"). A corporate employer's ratification of an act may be established by circumstantial or direct evidence demonstrating adoption or approval of the employee's actions by the corporate agent, which may be inferred from a failure by the employer to investigate an employee's acts once the employer has become aware of them. *Id.* (citing *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 622 (1989)).

Plaintiff adequately alleges that Amazon's managing agents ratified the delivery driver's conduct. Plaintiff alleges that "[b]y failing to investigate Mr. Jackson's report of discrimination and hate violence, Amazon's managing agents (including 'the delivery station's management team' and 'the appropriate leadership teams') ratified the Amazon employee's unlawful acts of discrimination and hate violence." FAC ¶ 33. He further alleges that Amazon's managing agents – members of Amazon's leadership and delivery station management teams – did not investigate or impose consequences for the incident involving the delivery driver's use of a racial slur and threat of physical violence, thus ratifying the driver's actions. *See Coll. Hosp.*, 8 Cal. 4th at 726 (1994) (collecting cases for the proposition that a corporate employer's ratification of an employee's tortious conduct "commonly arises where the employer or its managing agent is charged with failing to intercede in a known pattern of workplace abuse, or failing to investigate or discipline the errant employee once such misconduct became known"). Whether Plaintiff ultimately will be able to prove this claim is an issue for summary judgment or trial, not the motion to dismiss stage. Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiff's punitive damages claims.

### B. Unruh Act Discrimination (Cal. Civ. Code § 51.5)

Amazon moves to dismiss Plaintiff's second cause of action for discrimination by a business establishment, Cal. Civ. Code §51.5. Mot. at 6. Amazon argues that a plaintiff suing under this statute must allege that "defendant denied a plaintiff full and equal rights to conduct

business because of the plaintiff's race," and argues that Plaintiff has not met that standard. *Id*. Plaintiff argues that because the delivery driver called him the n-word, Amazon, as a "business establishment," discriminated against him based on race. Opp. at 6.

Cal. Civ. Code §51.5., also known as the Unruh Civil Rights Act, provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter their . . . race . . .are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Plaintiff's claim rests entirely on the allegation that the Amazon delivery driver directed a racial slur at him. However, Plaintiff never alleges that he was deprived of "full and equal accommodation, advantages, facilities, privileges, or services" as a result of this slur. Cal. Civ. Code § 51. Although the Court takes seriously Plaintiff's allegation that the driver targeted him with a slur with a particularly heinous and ugly history, Plaintiff has failed to plead facts sufficient to state a claim under the Unruh Act. *See Whitehurst v. CVS Pharmacy*, No. CV 13-6275(ANx), 2013 WL 6086905, at *2 (C.D. Cal. November 18, 2023) (granting defendants' motion to dismiss plaintiff's Unruh Act claim because plaintiff's claim for discrimination "rest[ed] on the single allegation that [d]efendants used racial epithets" without detailing how plaintiff "was deprived of 'full and equal accommodations'").[1] The Court GRANTS Amazon's motion to dismiss Plaintiff's claim for violation of Cal. Civ. Code §51.5.

---

[1] Although Amazon frames its motion to dismiss Plaintiff's Unruh Act claim as a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), Amazon's substantive arguments contend that Plaintiff has failed to plead the elements of the statute. *See* Mot. at 6. A motion to dismiss for failure to state a claim upon which relief can be granted is appropriately brought under Fed. R. Civ. P. 12(b)(6). *See Conservation Force v. Salazar,* 646 F.3d 1240, 1241–42 (9th Cir. 2011). Accordingly, the Court evaluates Amazon's argument under Rule 12(b)(6). *See Al-Qarqani v. Chevron Corp.*, 8 F.4th 1018, 1026–27 (9th Cir. 2021) (holding that a district court should analyze a motion to dismiss under 12(b)(6) where the analysis hinges on a failure to state a claim rather than under 12(b)(1), which is reserved for subject matter jurisdiction challenges); *United States v. 1982 Sanger 24' Spectra Boat*, 738 F.2d 1043, 1046 (9th Cir. 1984) ("[T]he moving party's label for its motion is not controlling."); *Whitaker v. TJ Tech.*, No. 21-cv-9655-WHO, 2022 WL 1427506, at *1 & n. 1 (N.D. Cal. May 5, 2022) (addressing motion to dismiss based on the substantive argument made rather than on the rule referenced in defendant's motion).

### IV. CONCLUSION

Amazon's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. *See* Dkt. No. 18. The motion to dismiss the punitive damages claims is **DENIED**, and the motion to dismiss the Unruh Act claim is **GRANTED** with leave to amend.

Any amended complaint must be filed within 21 days from the date of this Order. The Court further **SETS** a telephonic case management conference for February 27, 2024, at 2:00 p.m. The parties shall file a joint case management statement by February 20, 2024. All counsel as well as members of the public and press may use the following dial-in information below to access the conference line:

Dial In: 888-808-6929

Access Code: 6064255

At the case management conference, the parties should be prepared to discuss a plan for efficiently moving the case forward to resolution.

**IT IS SO ORDERED.**

Dated: 1/25/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

6